# EXHIBIT 1

The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is *730 Wisconsin Avenue, Racine, Wisconsin 53403*, and to *HABUSH HABUSH & ROTTIER S.C.* ®, plaintiff's attorneys whose address is *5439 Durand Avenue, Suite 220, Racine, Wisconsin 53406*. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated this 15th day of January 2019.

**HABUSH HABUSH & ROTTIER S.C.®**
Attorneys for Plaintiffs

*Electronically signed by Kristin M. Cafferty*
Kristin M. Cafferty, State Bar No. 1023260

**P.O. ADDRESS:**
5439 Durand Avenue, Suite 220
Racine, WI 53406
(262) 554-6200

FILED
01-15-2019
Clerk of Circuit Court
Racine County
2019CV000755
Honorable Michael J. Piontek
Branch 5

STATE OF WISCONSIN     CIRCUIT COURT     RACINE COUNTY

MARCIA L. NOLAN
AND TIMOTHY NOLAN,
18627 102nd Street
Bristol, WI 53104

    Plaintiff,

WCA GROUP HEALTH TRUST,
 WILMOT UNION HIGH SCHOOL
c/o Michael Lamont, Chief Operating Officer
22 East Mifflin Street, Suite 900
Madison, WI 53703

    Involuntary Plaintiff,

v.

HARBOR FREIGHT TOOLS USA INC.
a foreign corporation
c/o Corporate Creations Network, Inc.
4650 W. Spencer Street
Appleton, WI 54914

ABC INSURANCE COMPANY,
A fictitious company,

    Defendants.

**COMPLAINT**

Case No.
Case Code:    30107

**AMOUNT CLAIMED GREATER
THAN $5,000.00**

---

The above-named plaintiffs by **HABUSH HABUSH & ROTTIER S.C.®**, their attorneys, as and for a Complaint against the above-named defendants, allege and show to the Court as follows:

### GENERAL ALLEGATIONS

1.     At the present time the plaintiffs, Marcia L. Nolan and Timothy Nolan, are husband

1

and wife and adult citizens and residents of the State of Wisconsin, residing at 18627 102nd Street, Bristol, Wisconsin.

2. At the present time the involuntary plaintiff, WCA Group Health Trust, Wilmot Union High School, (hereinafter "The Trust"), alleges that it is a wholly owned, self-insured employee welfare benefit plan established under Employee's Income Security Act (ERISA) with the offices of its chief operating officer, Michael Lamont, located at 22 E. Mifflin Street, Suite 900, Madison, Wisconsin; The Trust is an involuntary plaintiff by reason of §803.03, Wis. Stats., as it may have an interest in the plaintiff's claim by reason of its being the medical benefits provider for the plaintiff, Marcia L. Nolan.

3. At the present time the defendant, Harbor Freight Tools USA Inc. (hereinafter "Harbor Freight"), is a foreign corporation duly licensed to do business in the State of Wisconsin, with offices of its registered agent, Corporate Creations Network Inc., located at 4650 W. Spencer Street, Appleton, Wisconsin; upon information and belief, said company does substantial business in Racine County; that, at all times material, the defendant, Harbor Freight, was engaged in substantial activities, doing business as a retail shopping center, located at 2380 S. Green Bay Road, Racine, Wisconsin (hereinafter "the premises").

4. Upon information and belief, an unknown insurance company, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy of insurance to Harbor Freight, which policy provided coverage to Harbor Freight for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the hereinafter described matter; in the contract of insurance, this defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of this contract of

insurance, this defendant ABC Insurance Company is a proper party defendant herein.

### FIRST CAUSE OF ACTION: NEGLIGENCE
### AGAINST DEFENDANTS: HARBOR FREIGHT TOOLS USA INC.
### AND ABC INSURANCE COMPANY

5. The plaintiffs reallege and incorporate herein all the material allegations contained the above paragraphs of the Complaint herein.

6. That on May 7, 2016, the plaintiff, Marcia L. Nolan, was a frequenter in and on the premises which was owned and maintained by the defendant, Harbor Freight; and the plaintiff was seriously injured when she tripped and fell on a rug that was on the floor of the premises.

7. That at all times material the defendant, Harbor Freight, through its agents, servants and/or employees, failed to exercise ordinary care in the design, installation, inspection, maintenance and/or repairs on the premises, including but not limited to proper selection and/or maintenance of their area rugs with respect to the slippage and/or curling of the rug in the subject area where the plaintiff was injured; and was otherwise negligent.

8. The above and foregoing acts and/or omissions of negligence on the part of the defendant were a direct and proximate cause of the injuries and damages sustained by the plaintiff, Marcia L. Nolan.

9. As a result of the negligence on the part of the defendant as alleged, the plaintiff, Marcia L. Nolan, sustained permanent injuries and damages, including past and future pain, suffering and disability and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

10. The Trust is the medical benefits provider for the plaintiff, Marcia L. Nolan, and as such provider was obliged to pay hospital and medical bills for the treatment of said plaintiff for the injuries sustained as afore alleged; by reason of said injuries, The Trust expended money as

Case 2:19-cv-00273-DEJ   Filed 02/20/19   Page 5 of 8   Document 1-1

and for hospital and medical bills and will be so obliged in the future and, therefore, may have a subrogation interest herein to the extent of its payments.

### SECOND CAUSE OF ACTION: SAFE PLACE VIOLATION
### AGAINST DEFENDANTS: HARBOR FREIGHT TOOLS USA INC.
### AND ABC INSURANCE COMPANY

11. The plaintiffs reallege and incorporate herein all the material allegations contained in the above paragraphs of the Complaint herein.

12. That the plaintiff, Marcia L. Nolan, was at all times material, was a frequenter on the premises, as that term is defined in §101.01, Wis. Stats.

13. That, at all times material, with respect to the premises, defendant, Harbor Freight, was the owner of a public building, place of employment and/or employer as those terms are defined in §101.01, Wis. Stats.

14. That, at all times material, the premises, was a public building and/or place of employment as those terms are defined in §101.11, Wis. Stats.

15. That the defendant, Harbor Freight, through its agents, servants and/or employees, contrary to §101.11, Wis. Stats., were negligent in that it:

   a. Failed to furnish a place for employees and/or frequenters which was safe, as that term is defined in §101.01, Wis. Stats.;

   b. Failed to keep its premises as safe as its nature would permit, as defined in §101.01, Wis. Stats.;

   c. Failed to do every other thing reasonably necessary to protect the life, health, safety and welfare of employees and/or frequenters on the premises;

   d. Failed to construct, repair, maintain, operate and/or inspect the premises with respect to the area rugs in the subject area so as to render the same safe, as that term is defined in §101.01, Wis. Stats;

   e. Failed to use safety devices and safeguards and failed to adapt and use methods and processes reasonably available to render such

4

employment and place of employment safe as defined in §101.01, Wis. Stats.

16. That, as a result of this negligence, the plaintiff, Marcia L. Nolan, sustained permanent injuries and damages, including past and future pain, suffering and disability and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical and hospital expenses; and other compensable injuries.

### SECOND CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF, TIMOTHY NOLAN, AGAINST DEFENDANT GEICO INDEMNITY COMPANY AND ABC INSURANCE COMPANY

17. Reallege and incorporate herein by reference all the allegations of the above paragraphs of the Complaint herein.

18. The plaintiff, Timothy Nolan is the husband of the plaintiff, Marcia L. Nolan, and suffered loss of society and companionship of his wife and will in the future continue to sustain damages as the result of the injuries sustained by his wife

WHEREFORE, the plaintiffs demand judgment against the defendants in an amount sufficient to constitute fair and reasonable compensation for all of the injuries and damages sustained by the plaintiff together with actual reasonable attorney's fees and costs and disbursements as allowed by law.

Plaintiffs further demand, in the event of settlement or verdict in favor of the plaintiffs, the Court to grant an order declaring the plaintiffs' right to such settlement or verdict proceeds to be paramount to that of any subrogated party unless dictated otherwise by Statute.

Finally, in the event of any subrogated party's failure to respond to this Complaint in a timely manner, the plaintiffs request this court to grant an order dismissing the subrogated party from this action and barring any claim for subrogation and/or reimbursement and barring the subrogated party from participating in any judgment or settlement in this action.

5

Plaintiffs allege that their damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

Dated this 15th day of January 2019.

**HABUSH HABUSH & ROTTIER S.C.®**
Attorneys for Plaintiffs

*Electronically signed by Kristin M. Cafferty*
Kristin M. Cafferty, State Bar No. 1023260

**P.O. ADDRESS:**
5439 Durand Avenue, Suite 220
Racine, WI 53406
(262) 554-6200

6